UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KYLE LAMAR PASCHAL-BARROS,
    Plaintiff,

v.                                  No. 3:19-cv-573 (VLB)

HENRY FALCONE, et al.,
    Defendants.

## ORDER

Plaintiff, Kyle Lamar Paschal-Barros, currently confined at Northern Correctional Institution in Somers, Connecticut, filed this complaint *pro se* under 42 U.S.C. § 1983. Inter alia, plaintiff asserted an Eighth Amendment claim that the conditions of confinement at Northern Correctional Institution ("Northern") exacerbated his mental health issues. In the Initial Review Order, filed on May 14, 2019, the Court dismissed this claim because plaintiff alleged no facts suggesting that he made defendants Davis, Robles, Molden, Rodriguez, Mulligan, and Fanefth aware of his mental health issues and the effect of the conditions of confinement on his mental health. The Court afforded plaintiff an opportunity to file an amended complaint to re-assert this claim only if he can allege facts demonstrating that defendants Davis, Robles, Molden, Rodriguez, Mulligan, and Fanefth knew of the risk to his mental health and disregarded that risk. Doc. #10 at 9-10.

In response, plaintiff did not file an amended complaint. Instead, he filed a document entitled "Plaintiff's repleading of Eighth Amendment Claims." Doc.

#14. The defendants have filed a motion to dismiss arguing that the re-asserted claim fails to comply with the Court's instructions.

Plaintiff argues that the conditions at Northern violate the Convention Against Torture, the International Covenant on Civil and Political Rights, and the Universal Declaration of Human Rights. None of these documents give rise to a private right of action. *See Abbas v. United States*, No. 10-CV-0141S, 2014 WL 3858398, at *3 (W.D.N.Y. Aug. 1, 2014) ("It is well established that the United Nations Convention Against Torture and Other Cruel, Inhumane or Degrading Treatment or Punishment, Dec. 10, 1094, 1465 U.N.T.S. 85, 23 I.L.M. 1027, ("CAT") does not give rise to a private right of action." (citing *Renkel v. United States*, 465 F.3d 640, 644 (6th Cir. 2006)); *Guaylupo-Moya v. Gonzales*, 423 F.3d 121, 137 (2d Cir. 2005) (provisions of International Covenant on Civil and Political Rights "do not create a private right of action or separate form of relief enforceable in United States courts."); *Knight v. Semple*, No. 3:18-cv-703(SRU), 2018 WL 4623030, at * (D. Conn. Sept. 26, 2018) ("Other circuits and courts within the Second Circuit have held that the Universal Declaration of Human Rights does not provide a basis for a section 1983 claim) (citing cases). Thus, plaintiff cannot state a cognizable section 1983 claim based on the alleged violation of rights under any of these documents.

Plaintiff's Eighth Amendment claim is that the conditions at Northern exacerbated his mental health issues.[1] The Court specifically noted that plaintiff

---

[1] Plaintiff's claim is not a general challenge to the constitutionality of the conditions at Northern, namely being confined to his cell for twenty-three hours per day. Indeed, this Court has determined that the allegation of confinement in the cell for twenty-three hours per day does not,

2

had alleged no facts showing that he had communicated his mental health concerns to defendants Davis, Robles, Molden, Rodriguez, Mulligan, and Fanefth and instructed him to allege facts showing that they were aware of the risk that the conditions of confinement specifically posed to plaintiff's mental health.  He has not done so.

Plaintiff's attempt to re-assert his Eighth Amendment claim fails.  Thus, the case will proceed only on his Fourteenth Amendment claims relating to the classification hearing as set forth in the Initial Review Order.

SO ORDERED.

Dated this 25th  day of July 2019 at Hartford, Connecticut.

Vanessa L. Bryant
United States District Judge

---

in and of itself, constitute an Eighth Amendment violation.  *See Mercado v. Department of Corr.*, No. 3:16cv1622(VLB), 2017 WL 1095023 at *6 (D. Conn. Mar. 23, 2017) (Ruling on Pending Motions).